| | |
|---|---|
| 1 | DONALD F. ZIMMER, JR. (Bar No. 112279) |
| 2 | *fzimmer@kslaw.com*<br>**KING & SPALDING LLP** |
| 3 | 101 Second Street, Suite 2300<br>San Francisco, CA  94105 |
| 4 | Telephone:    +1 415 318 1200<br>Facsimile:     +1 415 318 1300 |
| 5 | CAMERON J. HOYLER (Bar No. 273234) |
| 6 | *choyler@kslaw.com*<br>**KING & SPALDING LLP** |
| 7 | 633 West 5th St., Suite 1700<br>Los Angeles, CA 90071 |
| 8 | Telephone:    1 213 443 4355<br>Facsimile:     1 213 443 4310 |
| 9 | Attorneys for Defendants |
| 10 | BRISTOL-MYERS SQUIBB COMPANY and<br>ASTRAZENECA PHARMACEUTICALS LP |

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICHAEL MARTIN, an individual, et al.,<br><br>          Plaintiffs,<br><br>     v.<br><br>BRISTOL-MYERS SQUIBB COMPANY;<br>ASTRAZENECA PHARMACEUTICALS<br>LP; MCKESSON CORPORATION; and<br>DOES 1-50 INCLUSIVE<br><br>          Defendants. | Case No.:  3:17-cv-00661<br><br>**NOTICE OF REMOVAL BY DEFENDANTS BRISTOL-MYERS SQUIBB COMPANY AND ASTRAZENECA PHARMACEUTICALS LP [28 U.S.C. §§ 1332 and 1441(b)]** |

NOTICE OF REMOVAL BY DEFENDANTS BRISTOL-MYERS SQUIBB COMPANY AND
ASTRAZENECA PHARMACEUTICALS LP [28 U.S.C. §§ 1332 AND 1441(B)]

**TO THE CLERK OF THE COURT:**

**PLEASE TAKE NOTICE** that Defendants AstraZeneca Pharmaceuticals LP (AstraZeneca) and Bristol-Myers Squibb Company (BMS) (collectively, Defendants) hereby remove this case from the Superior Court of the State of California, San Francisco County, to the United States District Court for the Northern District of California pursuant to 28 U.S.C. sections 1332, 1441 and 1446.

## BACKGROUND

1. On September 30, 2016, California-resident Michael Martin and four non-California residents (Plaintiffs) filed a Complaint for Damages (Complaint) in the Superior Court of the State of California, San Francisco County, commencing the civil action *Michael Martin, et al. v. Bristol-Myers Squibb Company, et al.*, Case No: CGC-16-554610.

2. The Complaint asserts claims predicated on Plaintiffs' alleged use of Onglyza® (Onglyza), a prescription medication manufactured by Defendants and approved by the United States Food and Drug Administration (FDA). *See* Compl. ¶¶ 1–4, Exhibit 1 to the Declaration of Cameron Hoyler in Support of Notice of Removal by Defendants Bristol-Myers Squibb Company and AstraZeneca Pharmaceuticals LP (Hoyler Decl.).

3. As more fully set forth below, Defendants properly remove this case to this Court pursuant to 28 U.S.C. sections 1332 and 1441. Federal jurisdiction exists because this case concerns citizens of different states in which the amount in controversy exceeds $75,000.

4. On January 30, 2017, the Superior Court dismissed all non-California-resident plaintiffs pursuant to the stipulation submitted by the parties in accordance with the Court's October 4, 2016 order granting Defendants Bristol-Myers Squibb Company, AstraZeneca Pharmaceuticals LP, and McKesson Corporation's motion to dismiss based on forum non conveniens in related cases. This dismissal left Michael Martin, a California resident, as the only plaintiff in the case. *See* Order of Dismissal of Causes of Action by Non-California-Resident Plaintiffs, Exh. 2 to the Hoyler Decl. Because AstraZeneca is a Delaware Limited Partnership with no limited partners domiciled in California, and its principal place of business in Delaware,

and BMS is a Delaware corporation with its principal place of business in New York, there is complete diversity between the plaintiff and defendants. *See* Complaint, ¶¶ 11–12.

5. Plaintiff's Complaint also names defendant McKesson Corporation (McKesson)—a California resident and distributor of some pharmaceutical products—but Plaintiff lacks a factual or legal basis to recover against McKesson because Plaintiff ***cannot identify*** any facts, witnesses, or documents establishing that McKesson distributed the Onglyza he ingested. When asked to state all facts supporting the boilerplate contention in the Complaint that "McKesson regularly and continuously did business within this judicial district including manufacturing, labeling, packaging, marketing, advertising, distributing, and selling" Onglyza, Plaintiff responded, "See Complaint." *See* Plaintiff Michael Martin's Resps. to McKesson Corporation's Special Interrogatories, Set One (dated February 7, 2017), Resp., No. 5, Exh. 3 to Hoyler Decl. And Plaintiff could not identify a pharmacy where he filled an Onglyza prescription, information known only to Plaintiff. *See Id.* at Resp. No. 8 (stating that Plaintiff "is not currently in possession of any documents responsive" to an Interrogatory seeking identification of each pharmacy that allegedly dispensed Onglyza to Plaintiff).

6. Plaintiff, therefore, lacks a factual or legal basis to recover against McKesson because McKesson has no connection to this controversy and should not have been sued—Plaintiff admits he did not see or hear any advertisements regarding Onglyza bearing McKesson's name, and was unable to state whether he relied on any alleged marketing or promotion of Onglyza by McKesson. *See* Plaintiff Michael Martin's Resps. to Requests for Admissions Propounded by Defendant McKesson Corporation (dated February 7, 2017), Nos. 3-6, Exh. 4 to Hoyler Decl. Only Plaintiff would know whether he saw, heard or relied on anything McKesson said or did. Thus, no further discovery can reveal a basis for any claim against McKesson. Plaintiff's discovery responses demonstrate that he has no basis on which to link McKesson to this controversy.

7. The United States District Court for the Northern District of California is the federal judicial district encompassing the Superior Court of the State of California, San Francisco

2

NOTICE OF REMOVAL BY DEFENDANTS BRISTOL-MYERS SQUIBB COMPANY AND ASTRAZENECA PHARMACEUTICALS LP [28 U.S.C. §§ 1332 AND 1441(b)]

County, where Plaintiff originally filed this suit, such that this is the proper federal district for removal of this case to federal court. *See* 28 U.S.C. § 1441(a).

8. Accordingly, the present lawsuit may be removed from the Superior Court of the State of California, San Francisco County, and brought before the United States District Court for the Northern District of California pursuant to 28 U.S.C. sections 1332, 1441, and 1446.

9. By filing this Notice of Removal, Defendants do not waive any jurisdictional or other defenses that might be available to them.

10. Pursuant to 28 U.S.C. section 1446(a), true and correct copies of all process, pleadings, and orders served on Defendants have been filed with this Court. Hoyler Decl. ¶ 7.

## I. PROCEDURAL HISTORY.

11. Defendants AstraZeneca, BMS, and McKesson were served with the Summons and Plaintiff's Complaint in October 2016.

12. McKesson served discovery on Plaintiff to determine what evidence Plaintiff had to demonstrate that: (1) McKesson distributed the Onglyza ingested by Plaintiff Michael Martin; and (2) McKesson made or distributed any advertisements, marketing, or promotional materials or programs regarding Onglyza, which Plaintiff Michael Martin saw, heard, or relied upon when allegedly purchasing Onglyza.

13. On February 7, 2017—fewer than 30 days ago—Plaintiff responded to Defendants' first set of discovery requests and failed to identify any pharmacy that allegedly dispensed the Onglyza that Plaintiff ingested. *See* Plaintiff Michael Martin's Resps. to McKesson Corporation's Special Interrogatories, Set One (dated February 7, 2017), Resp. No. 8, Exh. 3 to the Hoyler Decl. Plaintiff also admitted that he has no evidence that he saw or heard any Onglyza advertisements bearing McKesson's name, and was unable to provide any information regarding whether he relied on any advertisements, marketing or promotional materials, or programs regarding Onglyza in general, nor any specifically made or distributed by McKesson. *See* Plaintiff Michael Martin's Resps. to Requests for Admissions Propounded by Defendant McKesson Corporation (dated February 7, 2017), Nos. 3–6, Exh. 4 to the Hoyler Decl.

## II. THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED

### A. REMOVAL IS TIMELY

14. Section 1446(b)(3) provides that "if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

15. The removal here is timely under 28 U.S.C. section 1446(b)(3) and Ninth Circuit precedent. Pursuant to 28 U.S.C. § 1446(b)(3), Defendants have 30 days to remove the case because Plaintiff's discovery responses constitute an "other paper from which it may first be ascertained that the case is one which is or has become removable." *See Bea v. Encompass Insurance Co.*, 2013 WL 1747910, *2 (N.D. Cal. 2013) (*citing Lowery v. Alabama Power Company,* 483 F.3d 1184, 1213 n. 62 (11th Cir. 2007). Plaintiff's discovery responses prove that McKesson was fraudulently joined, making the case removable now.

16. Finally, Defendants file this Notice within one year of commencement of the action, as required by 28 U.S.C. section 1446(c)(1). Defendants remove now, rather than after a motion for summary judgment, because Plaintiff may argue that the "voluntary-involuntary" rule prohibits removal after a motion for summary judgment—in other words, that Defendants should be prohibited from removing after dismissal in state court because the dismissal was not achieved by Plaintiff's voluntary action, but rather involuntarily, as a result of action by Defendants. Defendants dispute the applicability of that rule to this case, but expect that Plaintiff may make the argument. Defendants accordingly protect their rights by removing now. *See*, *e.g.*, *Self v. Gen. Motors Corp.*, 588 F.2d 655, 659 (9th Cir. 1978) (noting exception to voluntary-involuntary rule exists where non-diverse defendant has been fraudulently joined).

### B. CONSENT TO REMOVAL

17. McKesson's consent to removal is not required because it was fraudulently joined in this lawsuit. *See* 28 U.S.C. § 1441(b); *see also Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 at n.1 (9th Cir. 1988) ("[A]ll defendants in a state action must join in the petition for

4
NOTICE OF REMOVAL BY DEFENDANTS BRISTOL-MYERS SQUIBB COMPANY AND
ASTRAZENECA PHARMACEUTICALS LP [28 U.S.C. §§ 1332 AND 1441(b)]

removal, except for nominal, unknown or *fraudulently joined parties*.") (emphasis added); *Hewitt v. City of Stanton*, 798 F.2d 1230, 1233 (9th Cir. 1986) (co-defendants who are fraudulently joined need not join in a removal). Furthermore, Doe defendants are disregarded in determining diversity jurisdiction. *See* U.S.C. § 1441 (b)(1). For purposes of removal, "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(a); *accord Soliman v. Phillip Morris Inc.*, 311 F.3d 966, 971 (9th Cir. 2002); *McCabe v. Gen. Foods*, 811 F.2d 1336, 1339 (9th Cir. 1987).

18. No real party in interest properly joined and served as a defendant is a citizen of California, the State in which this action was brought. *See* 28 U.S.C. § 1441(b). Accordingly, complete diversity exists. The Complaint purports to name McKesson, a California citizen, as a co-defendant. But as discussed in more detail below, McKesson's California citizenship does not operate to bar removal jurisdiction under the forum-defendant rule because McKesson was fraudulently joined. *See* U.S.C. § 1441(b); *United Computer Sys., Inc. v. AT&T Corp.*, 298 F.3d 756, 762 (9th Cir. 2002).

19. Regardless, McKesson consents to this removal. *See* McKesson's Consent to Removal, filed concurrently.

20. Pursuant to 28 U.S.C. section 1446(d), Defendants will promptly file a copy of this Notice of Removal with the Clerk of the Court for the Superior Court of the State of California for San Francisco, and will serve a copy of same upon counsel for Plaintiff.

### III. REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441

21. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because this is a civil action between citizens of different states in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest.

#### A. THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED

22. It is apparent on the face of the Complaint that Plaintiff seeks an amount in excess of $75,000, exclusive of interest and costs.

23. Plaintiff alleges that, as a result of his ingestion of Onglyza, he has suffered injuries including heart failure, congestive heart failure, cardiac failure and/or death. *See* Complaint, ¶ 37.

24. Plaintiff characterizes these diseases as "serious and/or permanent adverse effects" of ingesting Onglyza. *Id.*

25. Plaintiff seeks compensatory and punitive damages. *See* Complaint ¶ 63. Punitive damages are included in the calculation of the amount in controversy. *See Bell v. Preferred Life Assurance Society*, 320 U.S. 238, 240 (1943).

26. Given the allegations set forth above, the face of the Complaint makes clear by a preponderance of the evidence that Plaintiff seeks in excess of $75,000, exclusive of interest and costs. *See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

**B. THERE IS COMPLETE DIVERSITY OF CITIZENSHIP**

27. Complete diversity of citizenship exists between all properly joined parties to this action. As explained in more detail below, McKesson, a California citizen, is fraudulently joined and its citizenship should therefore be ignored for purposes of removal jurisdiction. *See McCabe*, 811 F.2d at 1339; *see also Aronis v. Merck & Co., Inc.*, 2005 WL 5518485 (E.D. Cal. 2005).

28. Plaintiff was a resident and citizen of the State of California at the time this action was commenced, and at all relevant times. *See* Complaint ¶ 5.

29. A corporation is a citizen of its state of incorporation and the state in which it has its principal place of business. *See* 28 U.S.C. §1332(c)(1). BMS is incorporated under Delaware law, with its principal place of business in New York, New York. Complaint ¶ 11. At the time this action was commenced, BMS was therefore a citizen of Delaware and New York.

30. AstraZeneca is a Delaware limited partnership with its principal place of business in Wilmington, Delaware. Complaint ¶ 12. None of AstraZeneca's limited partners are citizens of California. At the time this action was commenced, AstraZeneca was therefore a citizen of Delaware.

31. The remaining named defendant, McKesson, is and was at the time Plaintiff

6
NOTICE OF REMOVAL BY DEFENDANTS BRISTOL-MYERS SQUIBB COMPANY AND
ASTRAZENECA PHARMACEUTICALS LP [28 U.S.C. §§ 1332 AND 1441(b)]

1  commenced this action a corporation incorporated and existing under the laws of Delaware with
2  its principal place of business in California (Complaint ¶ 13) and, thus, a citizen of both
3  Delaware and California.  McKesson, however, was fraudulently joined.  This Court must
4  therefore ignore its citizenship when determining the propriety of removal.  *See McCabe*, 811
5  F.2d at 1339.  That leaves only Plaintiff (California), BMS (Delaware and New York), and
6  AstraZeneca (Delaware) for the Court to consider.  Diversity jurisdiction exists because Plaintiff
7  is a citizen of a different state than both Defendants.

8  **IV.    THE CITIZENSHIP OF MCKESSON MUST BE IGNORED BECAUSE IT IS**
9  **         FRAUDULENTLY JOINED**

10         32.     "Fraudulent joinder is a term of art" and, thus, "requires no proof of scienter on
11 the part of the plaintiff."  *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998)
12 (quoting *McCabe*, 811 F.2d at 1339) (alterations omitted); *Maciel v. Signature Flight Support*
13 *Corp.*, No. 2:14-cv-03403-CAS(Ex), 2014 WL 2472309, at *2 (C.D. Cal. Jun. 2, 2014) (citing
14 Judge William W. Schwarzer et al., CALIFORNIA PRACTICE GUIDE: FEDERAL CIVIL PROCEDURE
15 BEFORE TRIAL ¶ 2:671).

16         33.     A defendant is fraudulently joined, and its presence in the lawsuit ignored for
17 purposes of determining diversity, "if the plaintiff fails to state a cause of action against the
18 resident defendant, and the failure is obvious according to the settled rules of the state."  *Morris*
19 *v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) (citations omitted); *accord United*
20 *Computer Sys.*, 298 F.3d at 761; *In re Phenylpropanolamine (PPA) Prod. Liab. Litig.* ("*In re*
21 *PPA*"), MDL No. 1407, Dkt. No. C02-423R, 2002 WL 34418423, at *5 (W.D. Wash. Nov. 27,
22 2002) (denying plaintiffs' motion to remand after finding resident retailer fraudulently joined);
23 *see also Ritchey*, 139 F.3d at 1318-19; *TPS Utilicom Servs., Inc. v. AT&T Corp.*, 223 F. Supp. 2d
24 1089, 1100 (C.D. Cal. 2002).

25         34.     Fraudulent joinder is apparent when a plaintiff has "*no actual intention to*
26 *prosecute* an action against those particular resident defendants."  *Diaz v. Allstate Ins. Gp.*, 185
27 F.R.D. 581, 586 (C.D. Cal. 1998); *Boyer v. Snap-On Tools Corp.*, 913 F. Supp. 108, 111 (N.D.
28 Cal. 1980); *see also In re Avandia Marketing, Sales Practices & Prods. Liab. Litig.*, MDL No.

1871, 2014 WL 2011597, at *2-*3 (3d Cir. May 15, 2014) (finding Avandia plaintiffs fraudulently joined McKesson, and denied remand to California state court, because plaintiffs showed "no real intention in good faith to prosecute the action against [McKesson] or seek a joint judgment").

35.     The fraudulent joinder of McKesson is obvious under well-settled law because Plaintiff's discovery responses demonstrate that he lacks a factual or legal basis to assert claims against it.  McKesson's fraudulent joinder is not only now "obvious," but also requires no analysis of complex California law because no applicable theory would support liability against McKesson, a stranger to this dispute.

### A.   PLAINTIFF LACKS A FACTUAL AND LEGAL BASIS FOR HIS CLAIMS AGAINST MCKESSON

36.     Plaintiff alleges that McKesson distributed the Onglyza he ingested.  (Complaint ¶ 13.)  But Plaintiff sets forth no factual basis to support this allegation.  And Plaintiff's responses to McKesson's discovery requests foreclose this speculation, proving the impropriety of joining McKesson in this action.  Plaintiff is unable to identify a single pharmacy that distributed the Onglyza he allegedly ingested, can identify no witnesses other than himself who would have such knowledge, and acknowledged that he "is not currently in possession of any documents" other than the Complaint to support his contentions (the Complaint, of course, is devoid of factual support).  *See* Plaintiff Michael Martin's Resps. to McKesson Corporation's Special Interrogatories, Set One (dated February 7, 2017), Resp. Nos. 2, 3, & 5–8, Exh. 3 to Hoyler Decl.

37.     Plaintiff, therefore, has offered no evidence linking McKesson to this controversy and has no factual basis to support a claim against McKesson.

38.     A party may only be held strictly liable if it falls within the chain of distribution.  As stated in *Bay Summit Cmty. Ass'n v. Shell Oil Co.*, 51 Cal. App. 4th 762, 776 (1996), "the imposition of strict liability depends on whether the facts establish a sufficient causative relationship or connection between the defendant and the product so as to establish that the policies underlying the strict liability doctrine are satisfied."

No such "relationship" or "connection" exists here with McKesson. The Court need not delve into complex policy determinations regarding the scope of strict liability in this case because Plaintiff admits that he has no recollection of ever seeing or hearing any Onglyza advertisements bearing McKesson's name, and is unable to state whether he relied on any advertising, marketing, or promotional materials or programs regarding Onglyza, least of all any made or distributed by McKesson. *See* Plaintiff Michael Martin's Resps. to Requests for Admissions Propounded by Defendant McKesson Corporation (dated February 7, 2017), Nos. 3-6, Exh. 4 to Hoyler Decl. (admitting that Plaintiff did not see or hear any Onglyza advertisements bearing McKesson's name, and acknowledging Plaintiff's inability to state whether he relied on any advertisements, marketing, or promotional materials or programs regarding Onglyza in general, or specifically made or distributed by McKesson).

39. As demonstrated by Plaintiff's discovery responses, and his inability to identify any pharmacy from which he allegedly obtained Onglyza, McKesson has "no real connection with the controversy." *See Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921). Unlike defendant in *Bay Summit*, who supplied ingredients used in the manufacturer's defective product that ultimately harmed the plaintiffs, McKesson did not contribute to the distribution chain in any way. There is no evidence to support a claim that it supplied or distributed any product at issue. Nothing ties McKesson to this case.

40. Moreover, because McKesson does not manufacture Onglyza, it would have to be held liable for failing to warn Plaintiff as a result of inadequate prescription drug labeling. But McKesson cannot be held liable for failing to revise the Onglyza product labeling because it lacks the authority to do so under federal law. Specifically, the FDA's "changes-being-effected" process only "permits *drug manufacturers* to 'add or strengthen a contraindication, warning, [or] precaution,' or to 'add or strengthen an instruction about dosage and administration that is intended to increase the safe use of the drug product." *See PLIVA, Inc. v. Mensing*, 564 U.S. 604, 614 (2011) (emphasis added) (*citing* 21 CFR §§ 314.70(c)(6)(iii)(A) and (C)(2006)). Because McKesson is not a drug manufacturer, it cannot be held liable for failure to warn in a prescription drug labeling claim.

41.     Given the lack of any factual basis for Plaintiff's claims against McKesson, McKesson's joinder is "obviously" fraudulent and its citizenship should be ignored for purposes of determining the propriety of removal.  *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) (deeming plaintiff's cause of action "obviously non-actionable" based on her own admission of fact).

42.     For the reasons discussed above, removal is proper because McKesson was fraudulently joined.  McKesson was not "properly joined and served" within the meaning of 28 U.S.C. section 1441(b), and its California citizenship cannot bar removal.  Complete diversity exists between Plaintiff and Defendants AstraZeneca and BMS.

43.     Defendants reserve the right to amend or supplement this Notice of Removal.

WHEREFORE, Defendants prays that this Notice of Removal be filed; that this action be removed to and proceed in this Court; and that no further proceedings be had in this action in the Superior Court of the State of California, San Francisco County.

DATED: February 9, 2017                               **KING & SPALDING LLP**

By: _____
DONALD F. ZIMMER, JR.
CAMERON J. HOYLER
Attorneys for Defendants
BRISTOL-MYERS SQUIBB COMPANY
and ASTRAZENECA
PHARMACEUTICALS LP

NOTICE OF REMOVAL BY DEFENDANTS BRISTOL-MYERS SQUIBB COMPANY AND ASTRAZENECA PHARMACEUTICALS LP [28 U.S.C. §§ 1332 AND 1441(b)]

**CERTIFICATE OF SERVICE**

I, the undersigned, certify and declare that I am over the age of 18 years, employed in the County of San Francisco, State of California, and not a party to the above-entitled cause.

On February 9, 2017, I served a true copy of the

**NOTICE OF REMOVAL BY DEFENDANTS BRISTOL-MYERS SQUIBB COMPANY AND ASTRAZENECA PHARMACEUTICALS LP [28 U.S.C. §§ 1332 and 1441(b)]**

☒ <u>BY OVERNIGHT DELIVERY</u>:  I enclosed the documents in a sealed envelope or package provided by United Parcel Service and addressed to the person(s) listed below by placing the envelope or package(s) for collection and transmittal by United Parcel Service pursuant to my firm's ordinary business practices, which are that on the same day a United Parcel Service envelope or package is placed for collection, it is deposited in the ordinary course of business with United Parcel Service for overnight delivery, with all charges fully prepaid.

Robert A. Mosier, Esq.
Timothy M. Clark, Esq.
Lauren Welling, Esq.
**SANDERS PHILLIPS GROSSMAN, LLC**
2860 Michelle Drive, Suite 220
Irvine, CA 92606
Tel:  877-480-9142
Fax:  213-330-0346
rmosier@thesandersfirm.com

I hereby certify that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

I hereby certify under the penalty of perjury under the laws of the State of California that the foregoing is true and correct.

*Sara Collins*

Sara Collins

Place of Mailing:  San Francisco, California

Executed on February 9, 2017, at San Francisco, California.